**In re TEXAS GENERAL PETROLEUM CORP., Debtor.**

**TEXAS GENERAL PETROLEUM CORP., Plaintiff,**

**v.**

**S.B. EVANS, Jr., et al., Defendants.**

**Bankruptcy No. 83–01132–H3–5. Adv. No. 83–2598–H2.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Feb. 28, 1986.

Donald F. Hawbaker, Winstead, McGuire, Sechrest & Minick, Houston, Tex., for plaintiff.

Joseph S. Cohen, Hirsch & Westheimer, Houston, Tex., for defendants.

**MEMORANDUM OPINION AND ORDER**

EDWARD J. RYAN, Bankruptcy Judge.

Before the Court are two motions. S.B. Evans, Jr., Sabine Uplift Mineral Corporation, Richard H. Evans, and Teri L. Evans ("Defendants"), have filed a motion to dismiss claims by intervenor Marmid Energy Corporation for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Marmid Energy Corporation ("Intervenor") has filed a motion for judgment. The Court will first address the defendants' motion to dismiss.

*Background*

On January 20, 1983, judgment ("Judgment") was rendered by the 11th Judicial District Court, DeSoto Parish, Louisiana, against Texas General Petroleum Corporation ("TGP"), the debtor herein, and in favor of the defendants for the sum of $96,-315.76, plus interest and attorneys fees. TGP thereafter voluntarily filed for relief as a debtor under Chapter 11, Title 11 of the United States Code on March 14, 1983.

In due course, a plan was negotiated, confirmed, and a distribution was made thereunder.

In December, 1983, TGP filed a complaint for voidance of preferences and unauthorized post-petition transfer, seeking to set aside as voidable transfers a judgment and notice of writ fieri facias previously recorded in several Louisiana parishes pursuant to the judgment obtained by defendants in connection with certain mineral leases ("mineral interests"), wherein defendants are the owners and lessors under those leases and debtor was the lessee.

On June 19, 1984, Marine Midland Bank, N.A. (the "Bank") filed its motion to modify stay in the TGP main bankruptcy proceedings. An agreed order modifying the stay ("Agreed Order") was signed on July 18, 1984, requiring TGP to assign and convey to the Bank, its nominee or assigns, all of its mineral interests, claims, and causes of action as debtor, debtor-in-possession, or trustee.

On July 25, 1984, TGP executed assignments of its mineral interests to Marmid Energy Co. ("Marmid"), as nominee and assignee of the Bank, which were duly recorded. Thereafter on March 6, 1985, TGP transferred all of its claims, causes of action, and rights to Marmid. Marmid then filed its application for leave to file complaint in intervention on August 28, 1984, which was granted on December 9, 1984. A motion to dismiss was filed by the defendants on December 10, 1985, objecting to Marmid's standing to pursue its claims before this Court.

### The Motion to Dismiss

As a result of the Agreed Order entered on July 18, 1984, and the actual execution of the assignments by TGP on July 25, 1984, the mineral interests which are the subject of this adversary proceeding were transferred out of and eliminated from debtor's estate. Because the debtor retained neither legal nor equitable title in and to the mineral interests, Marmid, the then legal owner of the mineral interests, intervened seeking relief.

■ Although Marmid has a right to intervene because of its assigned interests, Marmid does not have the legal right to assert claims other than its own. Fed.R. Civ.P. 24; 5 Collier on Bankruptcy, § 1109.-02, at 1109–25 (15th ed. 1985); 11 U.S.C. § 1109(b). Marmid, while a party in interest as a result of the TGP assignment, is not the debtor-in-possession, the trustee, or even the representative of the creditor's committee, as those terms are defined in the Code ("Code"). However, Marmid claims that it has "stepped into the shoes" of the debtor because of the assignment granted it by TGP, which gives it the right to all of debtor's claims and causes of action. The several cases defendants have cited, establish that, both pre-Code and post-Code, neither a trustee in bankruptcy nor a debtor-in-possession can assign, sell, or otherwise transfer, the right to maintain a suit to avoid a preference. If a trustee or a debtor-in-possession makes such an assignment, the assignment is of no effect.

■ Intervenor clearly comes into court as a creditor of the debtor trying to exercise the avoidance power for itself as a sole creditor, not for the benefit of the debtor's estate or the creditors as a whole. Intervenor has not persuaded this court otherwise. Intervenor in this instance may only assert a right which is personal to it, not a right which originally belonged to another party but was later assigned intervenor. Furthermore, the avoidance of any liens by Marmid on the property involving the mineral interests will not benefit the debtor's estate or the general body of creditors of the estate. In the absence of that showing, Marmid is precluded from asserting its claims. To rule otherwise would be to disregard the true intent and purpose of the avoidance of preference.

Intervenor has failed to state a cause of action upon which relief can be granted, and thus it is not necessary to discuss intervenor's motion for judgment.

It is ordered that this adversary proceeding be and the same is dismissed. Inter-

venor's motion for judgment should be and it is denied.